```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-13-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :     FINAL ORDER OF
                                         FORFEITURE
        - v. -                     :
                                         S2 10 Cr. 708 (PKC)
ALFRED FEA,                        :

                Defendant.         :

- - - - - - - - - - - - - - - - - -x

        WHEREAS, on or about March 16, 2011, ALFRED FEA ("the "defendant"), was charged in a four-count Superseding Indictment, S2 10 Cr. 708 (PKC) (the "Indictment"), with conspiracy to make extortionate loans, in violation of 18 U.S.C. § 892 (Count One); and conspiracy to operate an illegal gambling business, in violation of 18 U.S.C. § 371 (Count Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the forfeiture to the United States of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Indictment;

        WHEREAS, the Indictment included an additional forfeiture allegation as to Count Three seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the forfeiture to the United States of all

property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count Three of the Indictment and further seeking, pursuant to Title 18, United States Code, Section 1955(d) and Title 28, United States Code, Section 2461, the forfeiture of any property, including money, used in violation of the offense alleged in Count Three of the Indictment;

WHEREAS, on or about November 29, 2010, the Government filed a Forfeiture Bill of Particulars identifying the following property as being subject to forfeiture as a result of the offenses described in Counts One and Three of the Indictment:

> $20,090.00 in United States currency seized
> from 1 Wilson Road, Hamptonburgh, New York
> (the "Specific Property");

WHEREAS, on or about July 21, 2011, the Defendant pled guilty to Counts One and Three of the Indictment and admitted the forfeiture allegations, pursuant to a plea agreement with the Government, wherein the Defendant agreed to forfeit, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1955(d) and 28 U.S.C. § 2461, a sum of money in United States currency, representing all property, real and personal, that constituting or derived from proceeds traceable to the commission of the offense alleged in Count One of the Indictment, and any property, including money, used in violation of the offense alleged in Count Three of the Indictment;

2

WHEREAS, on or about February 29, 2012, this Court entered a Consent Preliminary Order of Forfeiture, a copy of which is attached as Exhibit A, imposing a forfeiture money judgment against the Defendant in the amount of $150,000 in United States currency and forfeiting the Defendant's right, title and interest in the Specific Property;

WHEREAS, Tracey Fea, the Defendant's wife and Co-Defendant, also consented to the forfeiture of the Specific Property;

WHEREAS, the Consent Preliminary Order of Forfeiture provided that the Specific Property is to be applied in partial satisfaction of the Money Judgment entered against the defendant;

WHEREAS, the provisions of 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of notice of forfeiture and of the Government's intent to dispose of the forfeited property before the United States can have clear title to the forfeited property;

WHEREAS, notice of forfeiture was posted on an official Government Internet site (www.forfeiture.gov) for at least thirty consecutive days, beginning on May 4, 2012.  Proof of such

publication was filed with the Clerk of the Court on September 7, 2012, a copy of which is attached hereto as Exhibit B;

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of the forfeiture as set forth in 21 U.S.C. § 853(n)(2);

WHEREAS, thirty (30) days have expired since final publication of notice and no petitions to contest the forfeiture have been filed;

NOW, THEREFORE, on the application of Preet Bharara, United States Attorney for the Southern District of New York, by Sharon Cohen Levin, Assistant United States Attorney,

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to 21 U.S.C. § 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service shall take possession of the Specific Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853(h).

4.  The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin, Chief, Asset Forfeiture Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.


Dated: New York, New York
       September 15, 2012

                                    SO ORDERED:

                                    _____
                                    HONORABLE P. KEVIN CASTEL
                                    UNITED STATES DISTRICT JUDGE